The SAN JUAN STAR COMPANY,
Plaintiff,

v.

CASIANO COMMUNICATIONS,
INC., Defendant.

CIV. No. 98–1372(JAG).

United States District Court,
D. Puerto Rico.

July 26, 2001.

Roberto O. Maldonado–Nieves, Franklin D. Roosevelt, San Juan, PR, for Plaintiff.

Héctor Reichard, Jr., Reichard & Escalera, Ednar Hernández–Arroyo, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Defendant Casiano Communications, Inc. ("Casiano") has moved for summary judgment (Docket No. 41) against plaintiff The San Juan Star Company ("TSJS") on the only two pending claims remaining against Casiano in this litigation: a Lanham Act claim and a negligence claim under Article 1802 of the Puerto Rico Civil Code. TSJS has not opposed the motion. After application of our Local Rule 311.12, and upon review of the motion, the Court grants summary judgment in Casiano's favor.

### *PROCEDURAL AND FACTUAL BACKGROUND*

On April 8, 1998, TSJS filed a Complaint against Casiano alleging that Casiano violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and various state statutes, by publishing an advertisement in Casiano's *Caribbean Business* regarding newspaper circulation figures. (Docket 1). The ad stated, among other things, that *Caribbean Business* was "the largest circulation English-language newspaper in Puerto Rico." (Docket No. 7, Exh. 2). The ad listed *Caribbean Business*'s circulation at 44,851 and *The San Juan Star*'s circulation at 36,674.

On July 2, 1998, Casiano filed a motion for summary judgment (Docket 7), claiming that the ad did not constitute commercial speech, and that the circulation figures contained in it were truthful. On January 7, 2000, the Court (Pérez Giménez, J.) partially granted Casiano's motion with respect to TSJS's Lanham Act claim, and also with respect to TSJS's circulation figures contained in the ad.

On June 22, 2000, the parties met for a Status Conference with the Court. Casiano stated that it would file a motion for summary judgment on all pending issues in the case. On August 14, 2000, Casiano filed its motion, along with a Statement of Uncontested Material Facts, pursuant to Local Rule 311.12. (Docket 41). On August 30, 2000, San Juan Star requested an extension of time to file an opposition. (Docket 42). Although the Court granted its request (Docket 44), TSJS did not file an opposition. Accordingly, all material facts contained in TSJS's Statement of Uncontested Material Facts are deemed admitted.

### *DISCUSSION*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement *"will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."* (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g., Morales v. A.C. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001); *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991).

■ As noted earlier, TSJS has failed to oppose Casiano's summary judgment motion. As a corollary, TSJS has failed to comply with the so-called "anti-ferret rule," as it has not presented a concise statement of material facts as to which there is a genuine issue to be tried. The Court is not required to "ferret through the record" lurking for facts that may favor plaintiff when those facts were not proffered under a counter-designation of facts as required by Local Rule 311.12. *Morales,* 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez Mar-*

*rero v. Toledo,* 968 F.Supp. 27, 34 (D.P.R. 1997); *Tavarez v. Champion Prods., Inc.,* 903 F.Supp. 268, 270 (D.P.R.1995).

■ Here, TSJS took the risk "to sit idly by and allow the summary judgment proponent to configure the record." *Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991). Although the nonmovant's failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road towards an easy dismissal." *Mendez Marrero,* 968 F.Supp. at 34. Since all material facts in Casiano's statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, Casiano is entitled to judgment as a matter of law.

### A. *The Lanham Act Claim*

■ Section 43(a) of the Lanham Act provides in relevant part that: "Any person who ... uses in commerce any ... false or misleading description of fact or false or misleading representation of fact, which—... (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(B). To prove a claim under § 43(a), a plaintiff must show: (1) that the defendant has made false or misleading statements as to his own conduct or another's; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled [sic] in interstate commerce; and (5) that there is like-

lihood of injury to the plaintiff in terms of declining sales, loss of goodwill, etc. *See Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 872 (3d Cir.1992); *Seven–Up Co. v. Coca–Cola Co.*, 86 F.3d 1379, 1382–83 (5th Cir.1996).

TSJS contends that the circulation and readership figures reflected in the ad are false and misleading, in violation of section 43(a) of the Lanham Act. In its January 7, 2000 Opinion and Order,[1] the Court declined to grant summary judgment for Casiano on this issue because there remained issues regarding, among other things, the accuracy of *Caribbean Business*'s subscriptions and readership numbers. (Docket No. 33 at 5.) For example, Casiano had not offered any evidence to establish its claim of 228,700 readers or its claim of 44,851 subscriptions. *Id.* Because Casiano had failed to "sufficiently substantiate[ ]" its claim, the Court denied its summary judgment motion. *Id.* at 5 n. 2.

In its renewed summary judgment motion, Casiano has brought forth evidence to substantiate its readership and subscription claims. The statement of uncontested material facts, and the exhibits to which they refer, explain the origin of the figures. Because TSJS has filed no counterstatement, the circulation and readership figures are admitted as true for purposes of this motion. This admission proves fatal to TSJS's claim. The record shows that the statements contained in the ad were supported by sufficient and reliable information to sustain their truthful character. TSJS's allegation that the ad was false or misleading in violation of § 43(a) of the Lanham Act is unsupported. Accordingly, TSJS's claim must be summarily dismissed.

**B. *The Negligence Claim Under Article 1802***

In its first summary judgment motion, Casiano did not seek dismissal of the negligence claim, so the Court's January 7, 2000 Opinion and Order did not address that claim. Article 1802 of the Puerto Rico Civil Code states that any "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141. To prevail on a negligence claim under Article 1802, TSJS must establish (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct. *See Sociedad de Gananciales v. Gonzalez Padin*, 17 P.R. Offic. Trans. 111, 125 (1986).

It is uncontested that Casiano relied upon independent and reliable sources in publishing the information that appears in the challenged advertisement. Moreover, it is uncontested that the figures that Casiano relied upon were not made up, falsified, or negligently gathered. As set forth in the Statement of Uncontested Material Facts, the figures are based on information obtained from reports, audits and surveys provided by independent sources which attest to their truthfulness. To the extent that TSJS has alleged that Casiano had a duty not to publish false or inaccurate information, TSJS has failed to show that Casiano breached that duty. As a result, the negligence claim cannot prosper, and must be dismissed through *brevis* disposition.

### *CONCLUSION*

For the foregoing reasons, the Court GRANTS Casiano's motion for summary

---

**1.** Given the Court's January 7, 2000 Opinion and Order, we will not restate the entire background of the case here.

judgment. Judgment will be entered dismissing the Complaint with prejudice.

IT IS SO ORDERED.