Miguel COLOM GONZALEZ, Plaintiff,

v.

**BLACK & DECKER, PR, LLC., Defendant.**

**CIVIL NO. 98–2137 (JAG).**

United States District Court,
D. Puerto Rico.

March 22, 2002.

Fernando L. Gallardo, Woods and Woods, San Juan, PR, for plaintiffs.

Carl E. Schuster, Schuster Usera Aguilo & Santiago, San Juan, PR, for defendant.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Plaintiff Miguel Colom ("Colom"), brought suit against defendant Black & Decker (PR) LLC ("Black & Decker") pursuant to the Age Discrimination in Em-

ployment Act, 29 U.S.C.A. § 621 *et seq.* (West 1999) ("ADEA"), P.R. Laws Ann. tit. 29, § 146 (1995) ("Law 100"), P.R. Laws Ann. tit. 29, § 185 (1995) ("Law 80"), and P.R. Laws Ann. tit. 31, § 5141 (1991) ("Article 1802"). Black and Decker has moved for summary judgement (Docket 14), contending that Colom cannot prevail as a matter of law. Forty-two months have passed and Colom has not opposed the motion for summary judgment, hence, the Court must deem admitted Black & Decker's statement of material facts. See Local Rule 311(12); *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996); *Dominguez v. Eli Lilly and Co.,* 958 F.Supp. 721, 727 (D.P.R.1997), affd, 141 F.3d 1149, 1998 WL 112515 (1st Cir. 1998). For the reasons set forth below, the Court grants the motion for summary judgment.

## FACTUAL BACKGROUND

In light of Colom's failure to oppose Black & Decker's motion for summary judgment, the Court shall refrain from recounting in specific detail the facts in Black & Decker's statement of uncontested facts. Instead, the Court shall set forth only those facts that are essential to carrying Black & Decker's burden of "identifying those portions of the [evidence] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

On February 29, 1969, Colom began working for Black & Decker. On February 27, 1998, at the age of 52, he was terminated. At the time of his termination, he occupied the position of Service Manager and Trainer. Said position was given to him by José Ignacio Renteria ("Renteria"), General Manager of Black & Decker. (Docket 14, pages 2–11).

In mid 1997 Renteria and his direct supervisor, Osvaldo Vitorratto, in consultation with a Human Resources Manager, Edalina Perez, made the decision to eliminate the Black & Decker Puerto Rico service area. Black & Decker, at the time, had a contractual relationship with eighteen independent licensed service centers in the Island which were authorized to repair Black & Decker products. Black & Decker was satisfied with the operation of the referenced independent service centers and viewed its own service center as a disloyal competition with said centers. In addition, the elimination of the Black & Decker's service center was part of Black & Decker's strategy of focusing its operation on the sale of core products, and reducing operational expenses.

In January 1998, at a meeting held in Miami among the Black & Decker Latin American General Managers and the Worldwide President of the Power Division, the General Managers were informed that the Board of Directors decided to sell the household appliance division. It was estimated that this decision would result in the termination of approximately 3,000 employees worldwide. This decision was part of a repositioning and restructuring program, which was intended to reduce the Company's cost structure over a two-year period. In Puerto Rico, the household appliance division represented 43% of Black & Decker's business volume.

In light of the closing of the service center and the worldwide sale of the household division, all seven (7) employees assigned to the Service Center, with the exception of one (1) certified mechanic, were terminated effective February 28, 1998. The reduction-in-force included employees of all different age groups. All terminated employees were offered a severance.

## PROCEDURAL BACKGROUND

Before addressing the merits of the pending motion, the Court shall dispose of

a procedural matter. On April 3, 2000, Colom filed a motion to reopen discovery. (Docket # 26). In that eleventh hour motion Colom requested the reopening of the discovery since he had recently received an e-mail written by Renteria in which Renteria informed Management that Colom was 52 years old and that he had commenced his employment with Black & Decker in 1969. Colom also received a memorandum with the calculation of the severance pay for older employees. In light of this allegedly new evidence Colom requested leave to take the depositions of several managers. Upon review of the new evidence and the record the request is **DENIED.**

The referenced e-mail had been extensively discussed during Renteria's deposition taken August 25, 1999. *See* Docket 28, Exhibit A at 33–42. Moreover Renteria testified in his deposition that all employees affected by the reduction in force were offered severance packages. *See* Docket 28, Exhibit C at 70–73. Furthermore, Colom's motion was not supported by affidavits, and did not meet the good cause requirement of Fed.R.Civ.P.56(f). Simply put, Colom's has failed to establish that the depositions taken would raise trial-worthy issues.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *See Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g., Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001); *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991).

As noted earlier, Colom failed to oppose Black & Decker's Motion for Summary Judgment and to submit a concise statement of contested material facts properly supported by specific references to the record. As a result, Colom has failed to comply with the so-called "anti-ferret rule," as he has not presented a concise statement of material facts as to which there is a genuine issue to be tried.

1. Colom's laxity in prosecuting his claims is also evidenced by his failure to answer a Court ordered Questionnaire filed and served on the parties on January 22, 2001, in view of the fact that this case had been transferred to the undersigned' docket from the Honorable Juan M. Pérez Giménez' docket on August 1, 2000 (Docket # 30). We would normally sanction this dereliction, but given the ultimate disposition of this case, we will not do so. We warn counsel for plaintiff, however, that future non-compliance with this court's orders will be sanctioned.

The Court is not required to "ferret through the record" lurking for facts that may favor Colom when those facts were not proffered under a counterdesignation of facts as required by Local Rule 311.12. *Morales,* 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez Marrero v. Toledo,* 968 F.Supp. 27, 34 (D.P.R. 1997); *Tavarez v. Champion Prods., Inc.,* 903 F.Supp. 268, 270 (D.P.R.1995).

Here, Colom took the risk "to sit idly by and allow the summary judgment proponent to configure the record." *Kelly v. United States,* 924 F.2d 355, 358 (1st Cir. 1991). Although the nonmovant's failure to file an opposition and to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road towards an easy dismissal." *Mendez Marrero,* 968 F.Supp. at 34. Since all material facts in Black & Decker's statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, Black & Decker is entitled to judgment as a matter of law.

## DISCUSSION

 ADEA makes it unlawful for an employer to discriminate against any individual with respect to his terms and conditions of employment or to adversely affect his status as an employee, because of such individual's age. *See* 29 U.S.C. § 623(a). It is well-settled that to prevail in a wrongful discharge case under the ADEA, plaintiff bears the ultimate "burden of proving that ... he would not have been fired but for his age." *Vega v. Kodak Caribbean. Ltd.,* 3 F.3d 476, 478 (1st Cir.1993); *Shorette v. Rite Aid of Maine,* Inc., 155 F.3d 8, 12 (1st Cir.1998); *Hidalgo v. Overseas Condado Ins. Agencies, Inc.,* 120 F.3d 328,

332 (1st Cir.1997). An employer may take an adverse action for any reason, fair or unfair, so long as the action is not motivated by an age-based discriminatory animus. *Hidalgo,* 120 F.3d at 337. In this case, Colom's alleged direct evidence of age discrimination is limited to the "old man", "grandfather" and "uncle" remarks made by his co-workers, Carlos Rivera and Gilberto de la Cruz. *See* Docket 14, statement of uncontested material facts 27–29. Nevertheless, according to José Ramón Jiménez, Colom's own witness, Carlos Rivera made these remarks as a joke and discontinued them two (2) years before Colom's termination. *See* Docket 14, Exhibit D at pages 50 to 52. Furthermore, Rivera and de la Cruz played no role in the Company's business decisions to eliminate its service area and to terminate Colom's employment. *See* Docket 14, statement of uncontested material facts 27–29. Moreover, Colom never complained to his supervisor Rentería about the alleged remarks from Rivera and de la Cruz. *Id.* Finally, it is uncontested that Rentería never participated in these jokes.

 It is well established that "at a minimum, direct evidence does not include stray remarks in the workplace, particularly those made by non decision makers or statements made by decision makers unrelated to the decisional process itself." *Ayala–Gerena,* 95 F.3d at 96. Furthermore, the biases of one who neither makes nor influences the challenged personnel decision are not probative in an employment discrimination case. *Medina Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5,10 (1st Cir.1990). The aforementioned remarks are, therefore, nothing more than stray remarks which fail to satisfy Colom's burden of production of direct evidence. *Goldman v. First National Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993). Absent direct evidence of intentional dis-

crimination, an ADEA plaintiff alleging disparate treatment must employ the burden-shifting-framework enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Bramble v. Amer. Postal Workers Union,* 135 F.3d 21, 24 (1st Cir. 1998).

Here, Colom has no option but to resort to the *McDonnell Douglas* burden-shifting framework. The specifications of the *prima facie* proof vary depending on the nature of the discrimination claim. *See McDonnell Douglas Corp.* 411 U.S. at 802 n. 13, 93 S.Ct. 1817. Under the *McDonnell Douglas* test, as modified in a reduction in force ("RIF") context, Colom must make a *prima facie* showing that: (1) he was at least forty (40) years old; (2) he met Black & Decker's legitimate job expectations; (3) he was fired; and (4) that age was not treated neutrally in implementing the RIF, or younger individuals were retained in the same position. *Ruiz v. Posadas de San Juan Associates,* 124 F.3d 243, 247–248 (1997). *Hidalgo,* 120 F.3d at 332–33; *Vega v. Kodak Caribbean, Ltd.,* 3 F.3d 476, 479 (1st Cir.1993). Establishment of the prescribed *prima facie* case creates a presumption that the employer engaged in impermissible discrimination. *See Texas Dept. Of Consumer Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To rebut this presumption, Black & Decker need only to articulate a legitimate nondiscriminatory reason for terminating Colom. *Conward v. Cambridge Sch. Comm.,* 171 F.3d 12, 19(1st Cir.1999).

■ Black & Decker asserts that age was treated neutrally in implementing the RIF and that a younger individual was not retained to substitute Colom in the same position. In support of its position, Black & Decker points to evidence in the form of an affidavit given by Renteria. In his affidavit, Renteria explains that the reorganization caused the termination of many employees from a broad spectrum of age groups and that organizational efficiency was the sole driving force behind the implementation of the reorganization plan. *See* Docket 14, Exhibit B. Renteria further explains that at the time of his termination, Colom was the only employee in his position and that he was not replaced by anyone. *Id.* Renteria also states that only three of Colom's job duties were assigned to an hourly certified technician and that his training duties were distributed among the remaining managers. Thus, age was treated neutrally in implementing the RIF and Black & Decker did not retain a younger employee in Colom's position. Finally, Renteria's affidavit asserts that he considered the possibility of reassigning Colom. This was not feasible, however, because of the company's worldwide reduction in force taking place at that time. *Id.*

Colom has not proffered any evidence to suggest that Black & Decker "retained younger persons in the same position or otherwise failed to treat age neutrally in implementing the reduction in force." *Cruz–Ramos v. Puerto Rico Sun Oil Co.,* 202 F.3d 381, 384 (1st Cir.2000). Hence, Colom has failed to establish a *prima facie* case. The Court need go no further. Black & Decker's motion for summary judgment is hereby **GRANTED** with respect to Colom's ADEA claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Black & Decker's motion for summary judgment (Docket 14). Judgment will be entered dismissing the Complaint with prejudice. Since the federal claim has been dismissed pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over the state law claims. They will be dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of March 2002.