**Ruben NIEVES AYALA, et al., Plaintiffs,**

v.

**JOHNSON & JOHNSON, INC., et al., Defendants.**

**Civil No. 99–2104(JAG).**

United States District Court, D. Puerto Rico.

June 26, 2002.

Idalia M. Diaz-Pedrosa, Moreda & Moreda, San Juan, PR, Federico R. Docoudray-Acevedo, Juan Hernandez Rivera & Assoc., San Juan, PR, Raymond Rivera-Esteves, Bayamon, PR, for Plaintiffs.

Yldefonso Lopez-Morales, O'Neill & Borges, San Juan, PR, Harold D. Vicente-Colon, San Juan, PR, Carl E. Schuster,

Schuster Usera Aguilo & Santiago, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On May 20, 2002, plaintiff Rubén Nieves Ayala ("Nieves Ayala") timely filed objections to Magistrate–Judge Gustavo Gelpí's April 22, 2002 Report and Recommendation. (Docket Nos. 97, 100.) Magistrate–Judge Gelpí found: (1) that Nieves Ayala failed to comply with Local Rule 311.12 when opposing defendants's summary judgment motions; (2) that Nieves Ayala failed to exhaust administrative remedies provided in the Johnson & Johnson long-term disability benefits plan; and (3) that the Employee Retirement Income Security Act ("ERISA") preempted Nieves Ayala's state law claims. Accordingly, the Magistrate–Judge recommended that the Court dismiss the Complaint in its entirety. The Court has reviewed Nieves Ayala's objections, as well as the record, and concurs with the Magistrate–Judge's ruling. The Court therefore *grants* defendants's summary judgment motions and dismisses the Complaint.

## STANDARD OF REVIEW

■ A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United*

*States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the report and recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992) (citations omitted).

## FACTUAL BACKGROUND

■ The Magistrate–Judge determined that Nieves Ayala had failed to comply with Local Rule 311.12. (Docket No. 97 at 2–3.) The Court will review that ruling before delving into the factual background of the case.

Local Rule 311.12 requires the moving party to file and annex to the summary judgment motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts, also supported by specific references to the record. All material facts set forth in the moving party's statement *"will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."* Local Rule 311.12. (Emphasis supplied.) "Without specific references to the Record, the list of uncontested and contested facts does not serve its purpose." *Dominguez v. Eli Lilly and Co.,* 958 F.Supp. 721, 727 (D.P.R.1997). The First Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g., Morales v. A.C. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001); *Ri-*

vas v. Federacion de Asociaciones Pecua-rias, 929 F.2d 814, 816 n. 2 (1st Cir.1991).

Thus, in opposing defendants's summary judgment motion, Nieves Ayala was *required* by Local Rule to "identify factual matters buttressed by record citations." *Morales*, 246 F.3d at 33. "Once so warned, a party's failure to comply would, where appropriate, be grounds for judgment against that party." *Id.* (*citing Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 927 (1st Cir.1983)). Indeed, "parties ignore [the Local Rule] at their own peril." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir.2000).

 A review of Nieves Ayala's putative statement of contested material facts (Docket No. 30) plainly shows that he has utterly failed to comply with this District's "anti-ferret" rule. His 311.12 statement is bereft of any specific references—indeed, it lacks *any* references—to the record.[1] The eleven would-be contested material facts are actually "questions presented," phrased in this fashion: "Whether J & J's plan waiver requirement creates a tortious interference with plaintiff's contractual relationship with his attorney." (Docket No. 30 at 2.) "Bombast and bluster, wholly detached from verified facts of record, cannot serve to blunt the force of a movant's [*properly supported and referenced* ] statement of undisputed facts." *Velez*, 170 F.Supp.2d at 163 (*citing Corrada-Betances v. Sea-Land Serv., Inc.*, 248 F.3d 40 (1st Cir.2001))(emphasis in original). The Court is not required to "ferret through the record" lurking for facts that may favor plaintiff when those facts were not proffered under a counter-designation of facts as required by Local Rule 311.12.

*Morales*, 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez Marrero v.Toledo*, 968 F.Supp. 27, 34 (D.P.R. 1997); *Tavarez v. Champion Prods., Inc.*, 903 F.Supp. 268, 270 (D.P.R.1995). So it is here.

Although Nieves Ayala's failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches [his] case down the road towards an easy dismissal." *Mendez Marrero*, 968 F.Supp. at 34. Since all material facts in defendants's statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, defendants are entitled to judgment as a matter of law.

The Magistrate–Judge's Report and Recommendation provides a detailed account of the factual background of the case. (Docket No. 97 at 3–9.) The Court will briefly summarize it here. Nieves Ayala was an employee at defendant McNeill Consumer Products, Inc. ("McNeill") working as a mechanic helper in McNeill's packaging department. On April 30, 1998, Nieves Ayala suffered a work-related accident, and he began receiving short-term disability ("STD") benefits on May 6, 1998. In the event that Nieves Ayala wished to receive disability benefits beyond the term established in the STD plan, he was required to apply for long-term disability benefits ("LTD") under defendant Johnson & Johnson's Long Term Disability Income Plan.[2]

1. Nieves Ayala's 311.12 statement with respect to defendant Allsup, Inc.'s motion for summary judgment (Docket Nos. 54, 61) is similarly flawed.

2. McNeill maintained an LTD plan for its employees through Johnson & Johnson. Defendant Medical Card Services was appointed as the Claims Service Organization with discretion to process, authorize, and deny all claims for benefits under the LTD.

Nieves Ayala, however, did not apply for LTD benefits. On August 13, 1998, Carlos Reyes, the J & J Benefits Center administrator, sent Nieves Ayala a letter that included an LTD benefits package (which itself contained several forms and document requirements). Nieves Ayala was required to complete and submit the required forms by October 4, 1998. Despite several reminders (about pending appointments and his obligation to return completed forms), Nieves Ayala complied with none of the terms, conditions, and mandatory requirements set forth in the LTD Plan. For example, on November 12, 1998, more than one month after the deadline to file the application for LTD benefits, the Benefit Center sent Nieves Ayala a letter reminding him that he had not yet submitted the required documentation, and informing him that if he failed to comply with the application requirements within the following 30 days, he would be denied LTD benefits. Despite this explicit warning, Nieves Ayala failed to comply with the aforementioned requirements.

On December 18, 1998, the Benefits Center informed Nieves Ayala of its decision to deny him LTD benefits. On several occasions following the denial of his LTD benefits, Nieves Ayala and his attorney called the Benefits Center, and expressed, *inter alia*, their disagreement with some of the requirements included in the LTD Plan.[3]

On January 23, 1999, the Benefits Center again expressed to Nieves Ayala the importance of completing and submitting the LTD benefits package application to be considered for LTD benefits. They again informed him that the reason for denying LTD benefits was his noncompliance with the application requirements.

**3.** Specifically, Nieves Ayala disagreed with the requirement of compulsory participation

## DISCUSSION

A. *Exhaustion of Administrative Remedies under ERISA*

The Magistrate–Judge concluded that Nieves Ayala's claim for long-term disability benefits under § 502 of ERISA should be dismissed because Nieves Ayala failed to exhaust administrative remedies when he chose not to even apply for long-term disability benefits. Pursuant to well-established First Circuit precedent, a participant in an ERISA plan must exhaust all available administrative remedies before filing suit complaining about the decision to deny him benefits under an ERISA plan. *See, e.g., Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825–26 (1st Cir.1988). It is undisputed that Nieves Ayala "failed to utilize the review procedure" provided by defendants, and "sav[ed] his complaints for the litigation process rather than the review procedure." *Drinkwater*, 846 F.2d at 825. Nieves Ayala has not provided any facts—and, given his failure to comply with Rule 311.12, he is now prevented from doing so—to show that the administrative route would be futile or that the remedy he could have obtained was inadequate. "A blanket assertion, unsupported by any facts, is insufficient to call this exception into play." *Id.* Such is the case here. Simply put, Nieves Ayala has failed to show his entitlement to an exception to the administrative exhaustion requirement. *See, e.g., McMahon v. Digital Equipment Corp.*, 998 F.Supp. 62, 70 (D.Mass.), *aff'd* 162 F.3d 28 (1st Cir.1998)(noting that the Court cannot excuse a party from the requirement "that [he] at least apply for long-term disability benefits before seeking such benefits by filing a civil action in federal court....").

in the Social Security Claimants Assistance Program.

Accordingly, his ERISA claim must be dismissed.

### B. *ERISA Preemption of State Law Claims*

■ ERISA provides for the preemption of all state law causes of action "insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). ERISA preemption analysis thus involves two central questions: (1) whether the plan at issue is an "employee benefit plan" and (2) whether the cause of action "relates to" this employee benefit plan. *See McMahon v. Digital Equipment Corp.*, 162 F.3d 28, 36 (1st Cir.1998)(*citing Rosario–Cordero v. Crowley Towing & Transp. Co.*, 46 F.3d 120, 124 (1st Cir.1995)).

■ The parties do not dispute that the ERISA plan at issue here is an "employee benefit plan." As for the second prong of the analysis, "[a] law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *McMahon*, 162 F.3d at 38 (*citing Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)). There are two tests used to determine whether a state cause of action "relates to" an ERISA plan. The Court need only examine one of them: "a state law cause of action is expressly preempted by ERISA where a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan." *McMahon*, 162 F.3d at 38 (*citing Ingersoll–Rand*, 498 U.S. at 140, 111 S.Ct. 478); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994). Nieves Ayala's claim for tortious interference with contractual relations (stemming from the requirement contained in the LTD Plan requiring his acceptance of representation by Allsup before the Social Security Administration) is clearly preempted under this test. His claim rests on the assumption that he was eligible for LTD benefits under the LTD Plan and that he would have received them but for the defendants's allegedly unjustified demand that Nieves Ayala comply with the compulsory representation requirement set forth in the LTD Plan. Because his argument requires proof of the existence of an ERISA plan, his state law claim is preempted, and must be dismissed.

### CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate–Judge's report and recommendation and dismisses the Complaint in its entirety. Judgment will enter accordingly.

IT IS SO ORDERED.