**Edgar O. COLON COLON,
et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT
OF NAVY, et al., Defendants.**

**Civil No. 01–1450 (JAG).**

United States District Court,
D. Puerto Rico.

Aug. 30, 2002.

Harry Anduze–Montano, Noelma Colon–Cordoves, San Juan, PR, for Plaintiffs.

Miguel A. Fernandez–Torres, Hato Rey, PR, William A. Graffam, Jimenez, Graffam & Lausell, San Juan, PR, for Defendants.

## OPINION AND ORDER[1]

JAY A. GARCIA–GREGORY, District Judge.

On June 26, 2002, defendant ITT Federal Services Corp. ("ITT") moved for summary judgment (Docket No. 16), arguing that the Defense Base Act ("DBA"), 42 U.S.C. § 1651 *et seq.*, precludes plaintiff Edgar Colon Colon's ("Colon") tort claims, which stem from injuries he sustained as a result of an April 19, 1999 accident at the United States Naval installation in Vieques, Puerto Rico. On August 12, 2002, Colon filed an opposition. (Docket No. 24.) Upon review of the record, and upon application of this District's Local Rule 311.12, the Court grants ITT's motion and dismisses the Complaint.

## FACTUAL BACKGROUND

Colón worked for ITT at the United States Naval installation in Vieques. (Docket No. 16, Statement of Undisputed Facts, ¶ 1.) At all relevant times, ITT held a contractual relationship with the U.S. Navy, whereby ITT provided, *inter alia,* certain support services for the Navy. (*Id.* ¶ 3.)

ITT employees in Puerto Rico were working in connection with that company's contract with the U.S. Navy. ITT obtained DBA insurance coverage from Cigna Property and Casualty (now known as ACE USA) by virtue of a DBA coverage endorsement to Workers' Compensation and Employers Liability Insurance Policy No. C42657815. (*Id.* at ¶ 5.) That coverage was in place on April 19, 1999, the date of the accident. (*Id.* at ¶ 6.)

---

1. Yamil Jaskille, a second-year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

Since April 20, 1999, and continuously thereafter, ACE USA has paid Colon temporary total disability compensation benefits, pursuant to the DBA, at the weekly compensation rate of $663.64. Additionally, ACE USA has also paid medical benefits to Colon, pursuant to the DBA. (*Id.* at ¶ 7.)

## DISCUSSION

### A. *Summary Judgment Standard*

The standard for summary judgment is governed by Fed.R.Civ.P. 56. The Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A properly supported motion can be survived only if the non-moving party shows that a trial worthy issue exists. The party opposing the motion cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Not every controversy is sufficient to preclude summary judgment. The fact has to be "material" and the dispute must be "genuine." "Material" means that a contested fact has the potential to change the outcome of a suit. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient. . . ." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Consequently, in order to defeat the motion, the party opposing summary judgment must present competent evidence supporting its position. *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994). To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

### B. *Local Rule 311.12*

In addition, this District's Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," *properly supported by specific references to the record.* D.P.L.R. 311.12. Similarly, the rule requires the non-moving party to file a statement of contested material facts, *also supported by specific references to the record.* All material facts set forth in the moving party's statement "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.* Indeed, the "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted." *Ruiz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir.2000). The First Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g.,*

*Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir.2001); *Rivas v. Federacion de Asociaciones Pecuarias*, 929 F.2d 814, 816 n. 2 (1st Cir.1991). Moreover, the First Circuit has repeatedly stressed that "parties ignore [the rule] at their own peril." *Morales*, 246 F.3d at 33.

Along with its motion for summary judgment, ITT submitted to the Court, in accordance with Local Rule 311.12, a statement of undisputed material facts, with specific references to the record. (Docket No. 16.) Colon responded by filing an opposition brief, along with a deficient statement of contested facts. None of the would-be contested material facts is supported by any citation to the record. (Docket No. 24.) As a result, Colon has failed to comply with the so-called "anti-ferret rule," as it has not presented a concise statement of material facts, *with specific references to the record*, as to which there is a genuine issue to be tried. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez–Marrero v. Toledo*, 968 F.Supp. 27, 34 (D.P.R.1997); *Tavarez v. Champion Prods., Inc.*, 903 F.Supp. 268, 270 (D.P.R. 1995); *Morales*, 246 F.3d at 33. Since all material facts in ITT's statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, ITT is entitled to judgment as a matter of law.

### C. The Defense Base Act

"The purpose of the Defense Base Act is to provide uniformity and certainty in availability of compensation for injured employees on military bases outside the United States." *Davila–Perez v. Lockheed Martin Corp.*, 202 F.3d 464, 468 (1st Cir.2000)(citing *Royal Indem. Co. v. Puerto Rico Cement Corp.*, 142 F.2d 237, 239 (1st Cir.1944)). The First Circuit has ex-

pressly held that Puerto Rico is covered by the DBA. *See Davila–Perez*, 202 F.3d at 468. Accordingly, the DBA applies to employees—such as Colon—who work on United States military bases in Puerto Rico. *Id.* at 468–69.

The DBA is a federal workers' compensation statute that incorporates the provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.* Section 5(a) of the LHWCA provides, among other things, that "[t]he liability of an employer ... shall be exclusive and in place of all other liability of such employer to the employee...." 33 U.S.C. § 905(a). The courts that have reviewed this issue have uniformly held that an employer that secures insurance coverage for its employees as required by the DBA is entitled to immunity under the LHWCA. *See, e.g., Davila–Perez*, 202 F.3d at 468–69.

So it is here. The undisputed facts show (1) that Colon was an ITT employee at the time of the accident; (2) that ITT, in turn, was working for the U.S. Navy in Vieques; (3) that ITT obtained adequate insurance coverage pursuant to the DBA; (4) that Colon has been compensated in accordance with the terms of the insurance policy. Therefore, the Court concludes that the LHWCA applies here, and that it provides the exclusive remedy for Colon's injuries. Since the LHWCA precludes Colon's tort claims, the Court grants ITT's motion.

### CONCLUSION

For the foregoing reasons, the Court grants ITT's summary judgment motion and dismisses the case with prejudice. Judgment will enter accordingly.

IT IS SO ORDERED.