**[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

No. 02-1111

JOSE G. PLUMEY-CRUZ, et al.,
Plaintiffs, Appellants,

v.

WESTINGHOUSE ELECTRONIC CORPORATION, et al., etc.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, Chief District Judge]

Before

Boudin, Chief Judge,

Howard, Circuit Judge,

and Shadur,* Senior District Judge

Robert E. Schneider, Jr. for appellants.
Edwin J. Seda-Fernandez, with whom Marshal D. Morgan and
Carlos R. Paula were on brief, for the appellees.

November 27, 2002

---

*Of the Northern District of Illinois, sitting by
designation.

**SHADUR, <u>Senior District Judge</u>**. Jose Plumey-Cruz ("Plumey"), his wife Nohra Soto Vahos and their conjugal partnership (for convenience, all referred to here simply as "Plumey") appeal the dismissal of Plumey's ERISA claim against Westinghouse Electric Corporation/CBS Corporation and Thermo King de Puerto Rico, Inc. (collectively "Westinghouse"). For the reasons stated in this memorandum opinion, we affirm the district court's decision in all respects.

<u>Background</u>

Because this is an unpublished and non-precedential ruling, and because the litigants are of course familiar with the facts, we state them only in the skeletal form required for this opinion. Plumey initially instituted this lawsuit pro se, and he continued to act without counsel until the case was well along. On March 31, 2000 the district court dismissed Plumey's ADEA and Title VII claims as time-barred, simultaneously dismissing the corresponding Commonwealth-law claims without prejudice (<u>see</u>, <u>e.g.</u>, <u>Figueroa Ruiz</u> v. <u>Alegria</u>, 896 F.2d 645, 650 (1st Cir. 1990)). That left surviving only a potential ERISA claim.

After discovery had taken place on the latter claim, Westinghouse moved for summary judgment under Fed. R. Civ. P. ("Rule") 56, accompanying its motion with an appropriate submission under the district court's Local Rule 311.12. Plumey answered the motion, including what he labeled as a responsive submission under

2

Rule 311.12. After receiving that response, Westinghouse tendered a November 27, 2001 reply that pointed to what it urged (and what we agree) was a fatal admission made in Plumey's response: that he was not a participant in any Westinghouse "top hat" plan.

In that respect, Westinghouse's sound position was that such non-participation foreclosed Plumey's attempted ERISA claim. For one thing, Plumey had made no assertion that he was entitled to participate in a "top hat" plan but was wrongfully barred from doing so, for Westinghouse's only such plan extended to its mainland executives and not to those based in Puerto Rico. Nor is such noncoverage itself actionable under ERISA: That aspect of Westinghouse's plan "was, of course, a feature that the employer as plan sponsor was free to adopt without breach of any fiduciary duty under ERISA, since an employer's decisions about the content of a plan are not themselves fiduciary acts" (Pegram v. Herdrich, 530 U.S. 211, 226 (2000)).

Early in 2001 the same counsel who represents Plumey on the current appeal had appeared on his behalf in the district court, and counsel had filed Plumey's summary judgment response in mid-November. Then on November 30, 2001, just three days after Westinghouse had submitted its reply, the district court granted summary judgment. Its decision did not rely at all on that reply, referring instead to the district court's own review of the record. Because Plumey's notice of appeal refers only to that order and

3

does not assert any error in the earlier dismissal of his ADEA and Title VII claims (nor has he done so in his briefs or oral argument before us), we deal here only with his rejected ERISA claim.

<u>Insubstantiality of Plumey's Contentions</u>

On this appeal Plumey complains of:

1. the district court's asserted abuse of discretion in failing to require Westinghouse to provide more discovery before the court issued its final decision on November 30, 2001;

2. the district court's asserted abuse of discretion in failing to give Plumey the opportunity to file a surreply to Westinghouse's November 27, 2001 reply; and

3. the asserted invalidity of Rule 311.12.

None of those contentions requires more than brief discussion.

As for Plumey's first argument, his counsel (who, as stated earlier, had by then entered the case) never invoked Rule 56(f) at the district court level to explain what further discovery was needed and to ask for more time to obtain it (in that respect, <u>see</u> <u>Filiatrault</u> v. <u>Comverse Tech., Inc.</u>, 275 F.3d 131, 138 (1st Cir. 2001)). That failure to present the issue to the district court (even via a post-November 30, 2001 motion for reconsideration) could well preclude Plumey from raising the question before this Court. But even were that not so, the already-described fatal flaws in Plumey's ERISA-based claim would have called for any such

4

Rule 56(f) motion to be denied on relevancy grounds in any event.

Parallel reasoning defeats Plumey's second contention as well. Westinghouse's reply had advanced nothing new--it simply pointed to the same deficiency that the district judge had picked up on his own. Once again, with Plumey's counsel not having requested such relief from the district court even after having received its ruling, it is doubtful that the issue has been properly preserved for appeal (cf. Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998)). And as with the first contention, Plumey says nothing that could have led to a different outcome even if a surreply had been requested and allowed.

Finally, Rule 311.12 has repeatedly been upheld as valid by this Court (see, e.g., Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001), discussing that "anti-ferreting" rule); and see also the specific reference to permitting such rules in the last sentence of the Advisory Committee Note on the 1995 amendment to Rule 83(a)(2)). There is no reason to reexamine that position here.

## Conclusion

For the foregoing reasons, we AFFIRM the district court's rulings in all respects.