Edwina QUIÑONES–SEPULVEDA, Plaintiff(s),

v.

**UNITED STATES of America, Defendant(s).**

**Civil No. 00–2374(JAG).**

United States District Court, D. Puerto Rico.

Aug. 14, 2003.

Joseph Deliz–Hernandez, Bayamon, PR, for plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, Torre Chardon, San Juan, PR, for defendant.

**Opinion and Order**

GARCIA–GREGORY, District Judge.

Plaintiff Edwina Quiñones–Sepulveda ("Quiñones") has moved for summary judgment (Docket No. 37) against defendant United States of America ("U.S.") under the Federal Torts Claim Act (28 U.S.C. §§ 1346(b)(1), 1402(b), 2401(b), and 2671–2680)(hereinafter "FTCA") with respect to the claims set forth in her amended complaint (Docket No. 13). Upon review of the submissions by both parties, the court **DENIES** plaintiff's motion for summary judgment.

*Procedural and Factual Background*

On October 23, 2000 Quiñones filed a complaint pursuant to the FTCA, alleging that on December 28, 1999 Quiñones tripped on an uneven sidewalk (located in front of the Army and Air Force Exchange Service Post Exchange Store Building) and seriously injured herself (Docket No. 1). Quiñones then submitted an amended complaint on January 22, 2002, naming the U.S. as defendant (Docket No. 13). Quiñones claims that her accident was a result of tripping over an uneven edge in the sidewalk that rose more than one half inch from the ground, and that the accident could have been prevented were it not for

the U.S.'s negligence in failing to be aware of and address the danger of an uneven sidewalk (Docket No. 13).

On December 4, 2002 Quiñones submitted a summary judgment motion claiming that the U.S. was liable for Quiñones's accident because Quiñones's fall was caused by the uneven sidewalk located on U.S. property (Docket No. 37). The U.S. submitted its opposition to the summary judgment on December 13, 2002 claiming that Quiñones's summary judgment should be denied because of contested issues of material facts (Docket No. 39).

### Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate "an absence of evidence to support the moving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement "will be deemed to be admitted unless controverted by the statement to be served by the opposing party." The First Circuit has consistently upheld the validity of local rule 311.12. *See, e.g., Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001); *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991).

### Discussion

The following facts are undisputed and supported by the evidence submitted by the parties. Quiñones was walking along the sidewalk located in front of the AAFES Post Exchange Store Building on December 28, 1998. Said sidewalk contains a number of uneven sidewalk joints. Quiñones tripped and fell over one of the uneven sidewalk joints resulting in injuries to her knees, hands, wrists, and other body parts, and she has received and continues to receive medical treatment. The sidewalk in question is owned and maintained by the United States government.

There are a number of facts that are alleged to be in controversy. The U.S. claims that the sidewalk joint that Quiñones tripped over is uneven by only ½ inch (Docket No. 39), while Quiñones argues that the uneven edge measured 3/4 of an inch (Docket No. 37). The parties also disagree as to the degree of hazard created by the uneven edge. Quiñones claims that the sidewalk creates a clear danger for all pedestrians utilizing the sidewalk. On the other hand, the U.S. contends that the uneven edge can hardly be considered a hazard. The degree of danger created by a sidewalk is a question of fact that is to be determined by the surrounding circumstances; hence, the degree of hazard is also a disputed fact in this case. *Marin v. Gobierno De La Capital De P.R.,* 89 D.P.R. 448, 1963 WL 14784 (1963). Furthermore, the U.S. has raised as a defense Quiñones's own comparative negligence as a cause of her accident, which raises yet another disputed fact.

Finally, Quiñones has presented a very weak motion for summary judgment, as it provides no case law or legal argumentation supporting her request. Quiñones simply argues that the facts are undisputed and that she is entitled to judgment as a matter of law (Docket No. 37). Moreover, Quiñones fails to comply with local Rule 311.12. Quiñones's failure to present adequate legal argumentation, as well as her lack of compliance with local Rule 311.12 contribute to the demise of her summary judgment motion.

### *Conclusion*

For the above mentioned reasons, this Court **DENIES** Quiñones's motion for summary judgment.

IT IS SO ORDERED.