**HOGAR CLUB PARAISO, INC.,
et al., Plaintiffs,**

v.

**Angie VARELA LLAVONA,
et al., Defendants.**

**Civ. No. 99–1486 (JAG).**

United States District Court,
D. Puerto Rico.

May 30, 2002.

Edgardo L. Rivera–Rivera, San Juan, PR, for plaintiffs.

Francisco L. Acevedo–Nogueras, Acevedo & Acevedo Law Offices, San Juan, PR, Salvador J. Antonetti–Stutts, Ivonne Palerm-Cruz, Commonwealth Dept. of Justice, Federal Litigation Division, Juan C. Garay–Massey, Marilena Roman–Gandulla, Carlos E. Lopez–Lopez, Llovet–Zuriñaga & Lopez, P.S.C., Hector F. Oliveras–Delgado, Pinto-Lugo, Oliveras & Ortiz, PS, Ignacio Rivera–Cordero, Rivera & Montalvo, Carlos J. Morales–Bauza, San Juan, PR, for defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Pending before the Court are various Motions for Summary Judgment filed by several of the co-defendants in this case. Specifically, the Court will address the Summary Judgment Motion filed by co-defendant Miguel Santiago–Quiñones on February 29, 2000 (Docket No. 67); the Motion for Summary Judgment filed by co-defendants Norma García García, Gisela Arroyo Torres, Carlos Torres and Iris Méndez on December 4, 2000 (Docket No. 99); and the Summary Judgment Motion filed by co-defendants Josephine Hernández, Vanesa Sánchez, Viviann Rivera, Felisa Jiménez, Ramón Alvarado, Ruperto Robles and Ana Belén Frías[1] on May 7, 2002 (Docket No. 162).

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the

---

1. Ruperto Robles and Ana Belén Frías joined the motion for summary judgment filed on May 7, 2002. (*See* Docket No. 167 and 170).

claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Government Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of the suit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank*, 54 F.3d 27, 31 (1st Cir.1995); *Maldonado–Denis v. Castillo–Rodríguez*, 23 F.3d 576, 581 (1st Cir.1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry. v. Canadian Pac. Ltd.*, 133 F.3d 103, 106 (1st Cir.1997). Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and unsupported speculation.'" *Súarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir.2000) (citing *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990)).

In order to aid the Court in the daunting task of searching for genuine issues of material fact in the record, this district adopted Local Rule 311.12. *See e.g., Corrada Betances v. Sea–Land Service, Inc.*, 248 F.3d 40, 43–44 (1st Cir.2001); *Morales v. Orssleff's EFTF*, 246 F.3d 32, 33–35 (1st Cir.2001); *Ruiz Rivera v. Riley*, 209 F.3d 24, 27–28 (1st Cir.2000). This rule, requires, in relevant part, that a party moving for summary judgment submit, in support of the motion, "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record." D.P.R.R. 311.12.

It is clearly established in this District that compliance with Local Rule 311.12 is critical, given that the Court will only consider the facts alleged in the aforementioned 311.12 statements when entertaining the movant's arguments. *See Rivera de Torres v. Telefó-*

*nica de Puerto Rico*, 913 F.Supp. 81 (D.P.R. 1995). In the instant case, all co-defendants have failed to comply with the requirements of Local Rule 311.12. A list of facts with no specific references to the record is of no use to the Court. In other words, without specific references to the record the list of uncontested facts is worthless, given that "[t]he Court would have to continue to ferret through the record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material fact." *Dominguez v. Eli Lilly & Co.*, 958 F.Supp. 721, 727 (D.P.R.1997)(*citing Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 930–31 (1st Cir.1983)).

"In simple terms, 'parties [who] ignore [Rule 311.12, do so] at their own peril'". *Vélez v. Puerto Rico Electric Power Authority*, 170 F.Supp.2d 158, 162 (D.P.R.2001)(*citing Ruiz Rivera v. Riley*, 209 F.3d at 28). A cursory look at the record reveals that co-defendants in the present case have blatantly ignored the mandates of Local Rule 311.12. The Motion for Summary Judgment submitted by co-defendant Miguel Santiago–Quiñones (Docket No. 67) contains a defective 311.12 statement of uncontested facts. Out of the fourteen (14) statements of facts allegedly not in controversy, only three facts contain general references to the record.[2] On the other hand, the Summary Judgment Motion submitted by co-defendants Norma García García, Gisela Arroyo Torres, Carlos Torres and Iris Méndez (Docket No. 99)[3] does not even contain a separate 311.12 statement of uncontested facts as required by the local rule. The exhibits attached to the motion consist of approximately 350 unmarked pages. Lastly, the summary judgment motion filed by co-defendants Josephine Hernández, Vanesa Sánchez, Viviann Rivera, Felisa Jiménez, Ramón Alvarado, Ruperto Robles and Ana Belén Frías (Docket No. 162) contains another defective 311.12 statement, as plaintiffs note in their opposi-

---

**2.** It should be noted that Docket No. 67 was opposed on July 13, 2000 (Docket No. 87). Plaintiffs' opposition suffers from the same deficiencies as co-defendant's Motion for Summary Judgment. Plaintiffs are thus forewarned, that

they must also comply with the requirements of Local Rule 311.12 in the future.

**3.** It should be noted that this summary judgment motion was unopposed.

tion of May 24, 2002. The 311.12 statement contains eight (8) facts, but only two (2) contain general references to the record.

## CONCLUSION

Given that all three summary judgment motions filed by the various co-defendants (**Dockets Nos. 67, 99 and 162**) suffer from the same infirmity, i.e., failure to comply with the requirements of this district's anti-ferret rule, the Court hereby **DENIES** them. The parties are forewarned that the Court expects strict compliance with the local rules, and *particularly with Local Rule 311.12*. If the Court were to decide the substance of co-defendants' various summary judgment motions, it would be frustrating the entire purpose of the anti-ferret rule, by having to scavenge through the record and pinpoint those facts that would support co-defendants' arguments. This the Court will not do. The least that the Court should expect from counsel admitted to practice in this forum is that they dutifully comply with the local rules of Court.

IT IS SO ORDERED.