Rebecca TORRES, et als., Plaintiff,

v.

**COOPERATIVA DE SEGUROS DE VIDA DE PUERTO RICO (COSVI), Defendants.**

Civil No. 00–2231(JAG).

United States District Court, D. Puerto Rico.

Feb. 26, 2003.

Rafael Baella–Silva, Baella & Barcelo, San Juan, PR, Mary C. Rivera–Martinez, San Juan, PR, Paul Hulsey, Cherie K. Durand, Ness, Motley, Loadholt, Richardson & Poole, Mount Pleasant, SC, for plaintiffs.

Antonio M. Cuevas–Delgado, Cuevas Kuinlam & Bermudez, Rafael Cuevas–Kuinlam, Hato Rey, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Rebecca Torres Martinez ("Torres")[1] filed suit against Torres' employer, Cooperativa de Seguros de Vida de Puerto Rico ("COSVI"), pursuant to Title VII of the Civil Rights Act, 42 U.S.CA § 2000(e)–2(a)(1) *et seq.* and the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C.A. § 2000e(k). She alleges that COSVI unlawfully dismissed her from her job because her high-risk pregnancy forced her to be absent from work for an extended period of time. Torres has also invoked this Court's supplemental jurisdiction to entertain claims under Puerto Rico's Anti-Discrimination Statute, Law 100 of June 30, 1959, as amended, 29 L.P.R.A. § 146 *et seq.*, ("Law 100"), Law No. 80 of May 30 of 1976, as amended, 29 L.P.R.A. § 185 *et seq.* ("Law 80"), Law No. 69 of July 6, 1985, as amended, 29 L.P.R.A. § *et seq.* ("Law 69"), Law No. 3 of March 13, 1942, as amended, 29 L.P.R.A. § 467 *et seq.* ("Law 3) and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141 *et seq.* Pending before the Court is COSVI's motion for summary judgment (Docket No. 29) and Torres' opposition thereto (Docket

---

1. Ismael Acevedo ("Acevedo"), Torres' husband, also brings suit under a state law cause of action. Because the Court finds Torres' federal law claims should be dismissed, the Court declines to exercise its supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367. Accordingly, these claim shall be dismissed without prejudice.

Nos. 42 & 43). COSVI has also tendered a brief reply to plaintiff's opposition (Docket No. 53). For the reasons stated below, COSVI's motion for summary judgment is GRANTED.

## SUMMARY JUDGMENT STANDARD

The standard for summary judgment is governed by Fed.R.Civ.P. 56. The court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(c); *see Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A contested fact is "material" when it has the potential to change the outcome of the case. *Vega– Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997). An issue is genuine if a reasonable jury could resolve the dispute for the nonmoving party.

*Cortés–Irizarry v. Corporación Insular*, 111 F.3d 184, 187 (1st Cir.1997); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to defeat a motion for summary judgment, the party opposing the motion must "present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).[2] The non-moving party must show that a trial-worthy issue exists and must point to specific facts that demonstrate the existence of an authentic dispute. *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Furthermore, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). Nonetheless, the Court must never "weigh the evidence and determine the truth of the matter," *Lipsett v. University of P.R.*, 864 F.2d 881, 895 (1st Cir.1988) (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505),

---

**2.** In her opposition, Torres alleges she could not conduct adequate discovery to contest defendant's statement of uncontested material facts (Docket No. 29). She does not specifically mention, but rather seems to allude to Rule 56(f) as a basis for requesting that the Court grant her additional time to conduct discovery in order to oppose COSVI's motion for summary judgment. *See* Fed.R.Civ.P. 56(f). Torres does not meet the five requirements that would enable the Court to properly consider such a motion. *Vazquez v. K-Mart Corp.*, 940 F.Supp. 429, 430– 31(D.P.R.1996)(*citing Resolution Trust Corp. v. North Bridge Assoc., Inc.*, 22 F.3d 1198, 1203 (1st Cir.1994).) Her request is not authoritative and does not present good cause for failing to have completed discovery in a timely fashion.

The Court had set a discovery deadline in this case of December 6, 2002 (Docket No. 12). It was not until December 30, 2002, after the conclusion of the discovery period that Torres filed a motion to stay all procedural events alleging that certain disputes and scheduling difficulties had prevented her from conducting discovery (Docket Nos. 23 & 27). Prior to that date, neither party had ever intimated that there were any discovery problems that would require an extension of the discovery deadline. Accordingly, the Court denied the motion and prohibited any further discovery (Docket No. 28). Inasmuch as plaintiffs have not met the Rule 56(f) standard and because the Court finds their excuses untenable, it refuses to extend the discovery period. *See Ayala–Gerena v. Bristol Myers– Squibb Co.*, 95 F.3d 86, 92 (1st Cir.1996).

and "[n]o credibility assessment may be resolved in favor of the party seeking summary judgment." *Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1091 (1st Cir.1995). The Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990). "If, after this canvassing of the material presented, the district court finds that some genuine factual issue remains in the case, whose resolution one way or another could affect its outcome, the court must deny the motion." *Lipsett,* 864 F.2d at 895.

## LOCAL RULE 311.12

 In compliance with Local Rule 311.12, COSVI has submitted "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis for such contention as to each material fact, properly supported by specific reference to the record." D.P.R.R. 311.12. Torres, however, has blatantly ignored the mandates of Local Rule 311.12. Her opposition to COSVI's statement of uncontested facts contains the same vague language as to all defendant's facts stating they are immaterial to summary judgment, unsupported by evidence and self-serving (See Docket No. 43). Further, her *Concise Statement of Material Facts as to Which There is Genuine Controversy* (Docket No. 43, page 8) is not supported by specific references to the record. Most references made are to the complaint and amended complaint (Docket No. 43 and 52 at 3). It is well-established that "a list of facts with no specific references to the record is of no use to the Court." *Hogar Club Paraiso, Inc. v. Varela Llavona,* 208 F.R.D. 481, 482 (D.P.R.2002). Torres cannot expect the Court to "ferret through the record, read all the answers to interrogatories, study

all the attached documents and carefully scrutinize all the depositions for lurking genuine issues of material fact." *Dominguez v. Eli Lilly & Co.,* 958 F.Supp. 721, 727 (D.P.R.1997). Local Rule 311.12 further provides that the "moving party's statement will be deemed to be admitted unless controverted by the statement required to be served by the Opposing Party." D.P.P.R 311.12. Clearly, "parties who ignore Rule 311.12 do so at their own peril," *Hogar Club Paraiso,* 208 F.R.D. at 482 (*citing Velez v. Puerto Rico Electric Power Authority,* 170 F.Supp.2d 158, 162 (D.P.R.2001)), and "once so warned, a party's failure to comply would ... be grounds for judgment against that party." *Nieves Ayala v. Johnson & Johnson,* 208 F.Supp.2d 195, 198 (D.P.R.2002); *Morales v. A.C. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001). Accordingly, the Court hereby admits all the facts, submitted by COSVI, which have been adequately supported by references to the record.

## FACTUAL BACKGROUND

Torres began working as a temporary clerical employee at COSVI in May of 1991. On May 30, 1992, she gave birth to her third child, occasion for which she enjoyed maternity leave (Docket No. 29, Exhibit 10). Throughout her tenure at COSVI, Torres enjoyed several salary increases and transfers (Docket No. 29, Exhibits 5,7,8,9). While Torres was pregnant with her fourth child, she encountered many medical difficulties and her doctors, fearing an abortion, prescribed rest (Docket No.42, Exhibit 3). Consequently, she was frequently absent from work.

On October 22, 1996, Torres gave birth to her fourth child and again took maternity leave. Her leave was set to conclude on December 31, 1996 (Docket No. 29, Exhibit 10). In fact, on December 30, 1996, Dr. Nilda Vazquez, Torres' obstetrician and

gynecologist gave her a clean bill of health and authorized her return to work (Docket No. 29, Exhibit 11). Because Torres failed to report to work as scheduled, COSVI wrote to her on January 16, 1997 requesting that she call the office (Docket No. 29, Exhibit 10). Torres went to COSVI on February 18, 1997 and presented a medical certificate that also authorized her return to work (Docket No. 29, Exhibit 12). She stated however, that she was still undergoing physical therapy and was unable to return to work. COSVI requested that Torres provide an itinerary of her physical therapies, and their expected duration (Docket No. 29, Exhibit 15).

COSVI's Personnel Manual indicates that all employees must present medical certificates and may be required to present additional information to justify prolonged sick leaves (Docket No. 42, Exhibit 13) and Torres certified that she obtained a copy of COSVI's Personnel Manual (Docket No. 42, Exhibit 14). COSVI again requested the information to no avail on several subsequent occasions: in February 1997, in a meeting between Torres, Evelyn Burgos (COSVI's Director of Human Resources) and Dr. Jaime Zorba (COSVI's Medical Director), and on March 14, 1997 (Docket No. 29, Exhibit 16) and March 26, 1997 (Docket No. 29, Exhibit 17) via letters to plaintiff.

Torres finally authorized COSVI to review her medical records in April 1997 (Docket No. 29, Exhibit 18). The result of said review, resulted in Dr. Zorba coinciding with Torres' own physician's conclusion that she was able to return to work (Docket No. 29, Exhibit 19). On May 16, 1997, COSVI wrote a letter to Torres requesting that she report to work on May 22, 1997(Docket No. 29, Exhibit 19). Torres did not return to work that day. COSVI again wrote to Torres requesting she report to work on June 2, 1997 (Docket No. 29, Exhibit 20). On that date, Torres' lawyer asked COSVI for a seven day extension of time (Docket No. 29, Exhibit 21). COSVI granted the request and asked that Torres report to work on June 13, 1997 and provide a medical certificate (Docket No. 29, Exhibit 22). On that date, Torres only provided COSVI a medical certificate dated June 3, 1997, stating that it was recommended that she remain at rest until July 3, 1997 "at which time she would be re-evaluated" (Docket No. 29, Exhibit 23)(Docket No. 42, Exhibits 7 and 8). COSVI replied that in order to consider the request, it needed to know the degree of the condition and Torres' doctor's assessment as to whether and when she would be able to return to work (Docket No. 29, Exhibit 24). Torres did not report to work on June 13, 1997 or take any further action, and accordingly, on August 4, 1997, COSVI informed her in writing that she was considered to have abandoned her position (Docket No. 29, Exhibit 25). At the date of her termination, Torres was an Administrative clerk, earning a weekly salary of $422.31.

Defendant further avers that there is no medical evidence suggesting that Torres was precluded from resuming her job and that the physical therapy she was undergoing was related to a car accident rather than her pregnancy. In February 1997, Torres had filed suit in Superior Court for lost income related to a car accident she suffered in August 1996. Torres' complaint in that action, dated February 25, 1997, states she is unemployed and that she lost her employment at COSVI as a consequence of the car accident (Docket No. 29, Exhibit 26 & 27). That complaint was settled by virtue of a stipulation dated August 31, 2000, twenty-five days prior to Torres' filing of the instant complaint (Docket No. 29, Exhibit 28). In this lawsuit, Torres alleges that COSVI terminated her employment on September 27, 1997.

## DISCUSSION

COSVI seeks summary judgment on the grounds that Torres has not established a prima facie case of pregnancy discrimination because she was not pregnant at any time during 1997 and she was not dismissed from her position but rather voluntarily abandoned it. In the alternative, COSVI urges the Court to grant summary judgment because it has articulated a legitimate and non-discriminatory reason for dismissing Torres.

### 1. Title VII and the Pregnancy Discrimination Act ("PDA")

 The PDA allows a plaintiff to assert two types of claims: disparate treatment or disparate impact. *Green v. New Balance Athletic*, 182 F. Supp 2d 128, 134 (D.Maine 2002) (*citing Smith v. F.W. Morse*, 76 F.3d 413, 420 (1st Cir.1996).) Here, Torres appears to be suing under a disparate treatment framework, alleging that COSVI affirmatively treated her differently than other non-pregnant employees in similar situations. Accordingly, she bears the burden of proving that COSVI purposefully took adverse action against her because of her pregnancy. *See generally Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 859–62 (5th Cir.2002).

 The framework for proving intentional discrimination, including discrimination on the basis of pregnancy, varies depending on the availability of direct evidence. Absent direct evidence or a "smoking gun", the plaintiff must meet the burden shifting framework articulated in *Mc Donnell Douglas Corp. v. Green*. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254–56, 101 S.Ct. 1089, 67 L.Ed.2d 207(1981). To establish a prima facie case of pregnancy discrimination, Torres must show that: (1) she is pregnant or has indicated an intention to become pregnant; (2) her job performance was satisfactory; (3) the employer nonetheless took an adverse employment action against her; (4) her duties continued to be performed by a comparably qualified individual. *Smith*, 76 F.3d at 420; *Mejias Miranda v. BBII Acquisition Corp.*, 120 F.Supp.2d 157, 163 (D.P.R.2000); *Lipsett*, 864 F.2d at 881.

Establishing a prima facie case creates a rebuttable presumption that discrimination was the reason for the adverse employment action. *Mesnick v. General Electric Co.*, 950 F.2d 816, 823–24 (1st Cir.1991). The employer may then articulate a legitimate non-discriminatory reason not driven by race, gender, pregnancy or some other protected characteristic for terminating the employee. *Id; Mejias Miranda*, 120 F.Supp.2d at 166; *Smith*, 76 F.3d at 422–25. Doing so, eliminates the presumption and shifts the burden back to the plaintiff to prove that the employer's proffered justification is but a pretext for discrimination. *Id.* Under the *McDonnell Douglas* burden shifting framework, the plaintiff retains at all times the burden of persuading the trier of fact that the employer was motivated by discrimination. *Smith*, 76 F.3d at 421, *Mesnick*, 950 F.2d at 823–24.

Since Torres has not averred any direct evidence of discrimination, the Court must determine whether Torres has established a prima facie case of pregnancy discrimination.

### 2. Prima Facie Case

The Court finds that Torres has not established a prima facie case because she cannot establish that the condition for which she allegedly remained absent and was terminated was related to her pregnancy. Similarly, she is unable to establish that she was satisfactorily performing the essential duties of her employment.

■ COSVI contends that Torres cannot meet the first element of the prima facie case because she was not pregnant at any time during 1997 (the year she was allegedly terminated). While the Court finds that COSVI's argument in this respect lacks merit, it concedes that Torres is otherwise unable to satisfy this prong of her case because she has not established that the condition for which she was allegedly terminated was related to her pregnancy or gender. Title VII clearly encompasses conditions related to pregnancy or childbirth without requiring a strict temporal proximity between the condition and the date of termination. *See* 42 U.S.C. § 2000e(k)("The terms 'because of sex' or 'on the basis of sex' are not limited to, because of or on the basis of pregnancy, childbirth, or related conditions; and women affected by pregnancy, childbirth, or related conditions shall be treated the same for all employment related purposes ... as other persons not so affected but similar in their ability or inability to work"); *see also Monley v. Q Int'l Courier, Inc.*, 128 F.Supp.2d 1155 (N.D.Ill.2001) (Holding Title VII protects a white employee whose child is biracial). Torres, however, bore the burden of establishing that her condition, and the reason for her repeated absences and subsequent dismissal, were related to her pregnancy. *Dohoney v. Director of Employment Security*, 377 Mass. 333, 386 N.E.2d 10, 13 (Mass.1979)("The mere fact of pregnancy does not relieve an employee of the need to show that pregnancy or a pregnancy related disability was the cause of her termination of employment"). There is absolutely no evidence in the record to meet this burden. Torres was cleared to return to work by her obstetrician at the conclusion of her maternity leave. The only medical information suggesting that Torres was unable to come to work was offered after several months of unexcused absenteeism and only refer to physical therapies related to a car accident and depression without linking these to Torres' pregnancy or childbirth (Docket No. 29, Exhibit 23).

■ With respect to the second prong of her prima facie case, Torres has failed to adduce sufficient evidence to support a finding that she was satisfactorily performing the essential functions of her job. On the contrary, her chronic absenteeism suggests that she in fact could not have met her employer's legitimate expectations. *Caraballo v. Puerto Rico Telephone Co., Inc.*, 178 F.Supp.2d 60, 68 (D.P.R.2001)("Obviously an employee that is frequently absent cannot perform the essential functions of her job"); *cf. Troy v. Bay State Computer Group*, 1994 WL 562591 at *6 (D.Mass.1994)(Finding that employer's insistence that employee was not adequately performing the duties of her job because of her chronic absenteeism was not entirely credible).

As respects the third prong, it is clear that Torres suffered an adverse employment action on August 4, 1997 when COSVI dismissed her for abandoning her position.

Finally, although no evidence has been presented to assert that Torres' duties at COSVI were continued to be performed by someone else, she was invited to resume her duties on more than one occasion, thus suggesting they were (Docket No. 42, Exhibit 1 at 85); *Meijas Miranda*, 120 F.Supp.2d at 163–64 (In order to satisfy that she was replaced, employee must demonstrate that her employer undertook the action in a non-gender neutral manner); *Daley v. Wellpoint Health Networks, Inc.*, 146 F.Supp.2d 92, 101 (D.Mass.2001).

■ Consequently, the Court finds that Torres has not established a prima facie case of pregnancy discrimination. This

reason alone is sufficient cause for dismissing this action. Nonetheless, courts have recognized that "the proponent's burden is not great". *Vazquez v. K–Mart Corp.*, 940 F.Supp. 429, 434(D.P.R.1996)(*citing Cumpiano v. Banco Santander Puerto Rico*, 902 F.2d 148, 154 (1st Cir.1990)). In any event, "it is unnecessary to decide whether an employee has met her burden of establishing a prima facie case if she cannot in any event show that the employer's proffered reason for terminating the employee is pretextual." *Monley*, 128 F.Supp.2d at 1160. That is the case here, since Torres is unable to rebut the non-discriminatory reason proffered by COSVI for dismissing her.

### 3. COSVI's proffered reason for dismissing Torres

Assuming arguendo that Torres were to meet her prima facie case, COSVI has articulated the facially legitimate and non-discriminatory reason of absenteeism for terminating her employment. This justification is clear and reasonably specific. *See Vazquez*, 940 F.Supp. at 435 (Stating that plaintiff bears the ultimate burden of proof to rebut evidence proffered by defendant to the effect that plaintiff had abandoned her job). Torres' maternity leave concluded on December 30, 1996. Despite providing medical certificates certifying that she was indeed able to resume her employment, Torres claimed that she was undergoing physical therapy and would need to be absent for a longer period of time. COSVI requested that she provide a medical certificate to these effects, including the quality of her condition and the expected duration of the therapies. It was not until April 7, 1997 that Torres allowed COSVI to review her medical records. After examining them and concluding that Torres could return to work, COSVI gave Torres three opportunities to return to work and or provide additional information regarding her condition which would justify her absences. She failed to do so. Finally, Torres provided a medical certificate from Dr. Arroyo dated June 13, 1997 stating she was depressed and recommending rest until July 2, 2003. It was not until August 4, 1997, over a month after COSVI's last failed request for information, and over eight months of unexcused absence after Torres' initial scheduled return date after maternity leave, that she was deemed to have abandoned her job and accordingly dismissed. *Green*, 182 F. Supp 2d at 141. From the multiple letters sent to and from plaintiff, it becomes clear that COSVI repeatedly offered plaintiff the opportunity to return to work by providing medical evidence concerning the reason for her prolonged absence. In fact, the letters reveal a willingness on the part of COSVI to accommodate any disability or impediment Torres may have had, whether or not it was related to her pregnancy. By refusing to comply with either of these requests or report to work, Torres abandoned her job, and effectively resigned. This is a legitimate and non discriminatory reason for her termination.

### 4. Pretext

Inasmuch as COSVI has popped the discriminatory presumption that arose when Torres established her prima facie case, the burden is on Torres to provide sufficient evidence that COSVI's reason is but a pretext to disguise intentional discrimination on account of her pregnancy.

Torres relies on an isolated remark by her supervisor, made back in May 1996, after several consecutive absences related to her high risk pregnancy. She alleges he angrily questioned whether she was pregnant, told her "there is no time to get sick here" and recriminated her for taking too much sick leave during her pregnancy

(Docket No.42 at 8–9). Notwithstanding, these comments are insufficient to support a finding that the proffered reason of abandonment was but a pretext for discrimination. *Vazquez,* 940 F.Supp. at 435 ("Isolated ambiguous statements are not sufficiently probative of discriminatory animus"); *Ayala–Gerena,* 95 F.3d at 96 (Explaining that while stray remarks may be probative of discrimination, statements made by non-decision makers or unrelated to the decisional process do not constitute direct evidence of discrimination)(*citing Price Waterhouse v. Hopkins,* 490 U.S. 228, 251–52, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).) The comments lack the temporal relationship and specificity that would connect them to Torres' termination. *Weston–Smith v. Cooley Dickinson Hospital, Inc.,* 153 F.Supp.2d 62, 73 (D.Mass. 2001).

Torres has not proffered any evidence to suggest that COSVI's reason for termination was pretextual. There is no evidence to suggest that COSVI placed any obstacles for Torres to return to work after her maternity leave than it would have done with respect to any other employee returning from a medical leave. On the contrary, the facts reveal that plaintiff never provided the information that COSVI had requested regarding her alleged medical condition. All indications suggest that Torres was fit to return the work and COSVI gave her more than ample opportunity, flexibility and latitude to resume her employment and accommodate any disability she may have had. *See Caraballo,* 178 F.Supp.2d at 69.

Because Torres has been unable to establish a connection between her protected status and COSVI's decision to terminate her, "there is no evidence she would have been treated differently if her absences had been due to some reason unrelated to pregnancy or if she had been absent the same amount but not pregnant." *Monley,* 128 F.Supp.2d at 1160; *Stout,* 282 F.3d at 860.

### CONCLUSION

In light of the foregoing, the Court grants defendant's motion for summary judgment (Docket No.29) and dismisses all federal claims with prejudice. Inasmuch as the Court declines to exercise supplemental jurisdiction pursuant to 42 U.S.C. § 1367, plaintiffs' state law claims are dismissed without prejudice. Judgment shall enter accordingly.

IT IS SO ORDERED.