Felix **FIGUEROA MONTES**, Plaintiff,

v.

**Norman E. FOY et als., Defendants.**

**Civil No. 02–1859(JAG).**

United States District Court, D. Puerto Rico.

July 21, 2003.

Nydia Gonzalez–Ortiz, Santiago & Gonzalez, Yauco, PR, for Plaintiff.

Zuleika Llovet–Zurinaga, Mariana Negron–Vargas, Commonwealth Department of Justice, San Juan, PR, Carlos E. Lopez–Lopez, Llovet–Zurinaga & Lopez P.S.C., Hato Rey, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff, Felix Figueroa–Montes ("Figueroa"), an employee of the Center for Collection of Municipal Contributions for Humacao ("CRIM"), brought suit pursuant to 42 U.S.C. § 1983, alleging that defendants Norman Foy ("Foy"), Executive Director of CRIM, and Julia Aponte ("Aponte")(collectively "defendants"), demoted him on account of his political affiliation in violation of the First Amendment. Figueroa further alleges that he was dismissed from his position as Regional Director without a hearing in violation of the due process rights guaranteed by the Fifth and Fourteenth Amendments. On May 28, 2003, defendants filed a motion for summary judgment (Docket No. 28) seeking the dismissal of the claims against them. Figueroa filed an opposition to defendants' motion for summary judgment on July 15, 2003 (*See* Docket No.36). For the reasons set forth below, the Court grants the motion.

## SUMMARY JUDGMENT STANDARD

The standard for summary judgment is governed by Fed.R.Civ.P. 56. The court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A contested fact is "material" when it has the potential to change the outcome of the case. *Vega–Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997). An issue is genuine if a reasonable jury could resolve the dispute for the nonmoving party. *Cortés–Irizarry v. Corporación Insular*, 111 F.3d 184, 187 (1st Cir.1997); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to defeat a motion for summary judgment, the party opposing the motion must "present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). The non-moving party must show that a trial-worthy issue exists

and must point to specific facts that demonstrate the existence of an authentic dispute. *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Furthermore, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). Nonetheless, the Court must never "weigh the evidence and determine the truth of the matter," *Lipsett v. University of P.R.*, 864 F.2d 881, 895 (1st Cir.1988) (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505), and "[n]o credibility assessment may be resolved in favor of the party seeking summary judgment." *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995). The Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). "If, after this canvassing of the material presented, the district court finds that some genuine factual issue remains in the case, whose resolution one way or another could affect its outcome, the court must deny the motion." *Lipsett*, 864 F.2d at 895.

## A. Local Rule 311.12

In order to aid the court in the daunting task of searching for genuine issues of material fact in the record, this district has adopted Local Rule 311.12. *See, e.g., Corrada Betances v. Sea–Land Service, Inc.*, 248 F.3d 40, 43–44 (1st Cir.2001); *Morales v. Orsleff's EFTF*, 246 F.3d 32, 33–35 (1st Cir.2001); *Ruiz Rivera v. Riley*, 209 F.3d 24, 27–28 (1st Cir.2000). This rule requires that a party moving for summary judgment submit, in support of its motion, "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis for such contention as to each material fact, properly supported by specific reference to the record." D.P.R.R. 311.12. The rule also provides that these facts shall be admitted "unless controverted by the statement served by the opposing party." *Id.*

Here, defendants properly submitted a statement of uncontested facts properly supported by specific references to the record (*See* Docket No. 28). In opposition, plaintiff filed his own set of eight (8) contested facts without any references to the record. It is well-established that "a list of facts with no specific references to the record is of no use to the Court." *Hogar Club Paraiso, Inc. v. Varela Llavona*, 208 F.R.D. 481, 482 (D.P.R.2002). Plaintiff cannot expect the Court to "ferret through the record, read all the answers to interrogatories, study all the attached documents and carefully scrutinize all the depositions for lurking genuine issues of material fact." *Dominguez v. Eli Lilly & Co.*, 958 F.Supp. 721, 727 (D.P.R.1997).

 Plaintiff has not properly controverted defendants' statement of facts as required by Local Rule 311.12. Accordingly, the Court hereby admits all the facts, submitted by defendants, which have been adequately supported by references to the record. Clearly, "parties who ignore Rule 311.12 do so at their own peril," *Hogar Club Paraiso*, 208 F.R.D. at 482 (*citing Velez v. Puerto Rico Electric Power Authority*, 170 F.Supp.2d 158, 162 (D.P.R. 2001)), and "once so warned, a party's failure to comply would ... be grounds for judgment against that party." *Nieves Ayala v. Johnson & Johnson*, 208 F.Supp.2d 195, 198 (D.P.R.2002); *Morales*, 246 F.3d at 33.

## FACTUAL BACKGROUND

Figueroa was the Regional Director for the Center for Collection of Municipal Contributions for Humacao (CRIM) since October 1995. This position was designated as a Trust position. Plaintiff's job description included advising the agency's executive director in the formulation and implementation of public policy. On June 28, 2003, the incoming administration requested the resignation of all of CRIM's regional directors, including Figueroa, stating the confidential nature of the position. Defendants reinstated Figueroa to the career position he held prior to his promotion to Regional Director of Humacao, as a Valuation Specialist (Especialista de Valuacion I) with a monthly salary of $1539.00 (plus a raise of $100 granted in January 2002).

## DISCUSSION

### A. First Amendment

■ It is well established that political patronage restrains core activities protected by the First Amendment, such as the freedom of belief and association. *Padilla-Garcia v. Rodriguez*, 212 F.3d 69, 74 (1st Cir.2000); *Berrios-Cintron v. Cordero*, 976 F. Supp 110, 113 (D.P.R.1997). "The Supreme Court has held that the first amendment protects non policy makers from being drummed out of public service on the basis of their political affiliation or advocacy of ideas." *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 56 (1st Cir.1990) (*citing Branti v. Finkel*, 445 U.S. 507, 517, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)); *Padilla-Garcia*, 212 F.3d at 74; *see also Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75–76, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990).

■ A two part burden shifting framework is used to evaluate claims of political discrimination. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also Padilla-Garcia*, 212 F.3d at 74. First, a plaintiff must establish a *prima facie* case of political discrimination by producing sufficient direct or circumstantial evidence to raise the inference that his political affiliation was a substantial or motivating factor behind the challenged adverse employment action. *Padilla-Garcia*, 212 F.3d at 74; *Acevedo-Diaz v. Aponte*, 1 F.3d 62, 66 (1st Cir.1993); *Rivera-Cotto v. Rivera*, 38 F.3d 611, 614 (1st Cir.1994).

■ Evidence of a highly charged political environment coupled with the parties' competing political persuasions may be sufficient to show discriminatory animus, especially in an instance where a plaintiff was a conspicuous target for political discrimination. *Rodriguez-Rios v. Cordero*, 138 F.3d 22, 24 (1st Cir.1998); *Acevedo-Diaz*, 1 F.3d at 69. However, "merely juxtaposing a protected characteristic—someone else's politics—with the fact that plaintiff was treated unfairly is not enough to state a constitutional claim." *Correa-Martinez*, 903 F.2d at 58; *see also Rivera-Cotto*, 38 F.3d at 614 ("Without more, a non moving plaintiff-employee's unsupported and speculative assertions regarding political discrimination will not be enough to survive summary judgment"). What is required is a fact specific showing that a causal connection exists that links the adverse employment action to the plaintiff's politics. *Correa-Martinez*, 903 F.2d at 58. The plaintiff must raise a plausible inference that he was subjected to discrimination on the basis of his political views or affiliation. *Id.*

■ Once the plaintiff establishes his *prima facie case*, the burden then shifts to the defendant, who must establish by a preponderance of the evidence, that he would have taken the same action regardless of the plaintiff's political beliefs. *Padilla-Garcia*, 212 F.3d at 74. In addition

to articulating a nondiscriminatory ground for the adverse employment action, the defendant bears the burden of proving that he would have taken the adverse employment action regardless of plaintiffs' political affiliation. *Acevedo–Diaz,* 1 F.3d at 66.

In the case at bar, because the Court has admitted defendants' statement of facts and Figueroa has failed to submit a proper statement of contested facts with references to the record, he necessarily fails to establish his *prima facie case* or create a triable issue in dispute since the burden is on plaintiff in a political discrimination case. Figueroa bore the burden of setting forth specific non-conclusory factual allegations to establish that the defendants acted based upon an improper motive. *Cruz–Baez v. Negron–Irizarry,* 220 F.Supp.2d 77, 80 (D.P.R.2002) (*citing Judge v. City of Lowell,* 160 F.3d 67, 74 (1st Cir.1998)). While Figueroa's contested facts state that the position of Regional Director is an administrative position which responds to a Supervisor who holds a career position, he has not pointed to any evidence in support of these allegations. Similarly, plaintiff's contested facts assert that defendants told Figueroa that they needed someone affiliated to the Popular Democratic Party and that Figueroa was an activist of the New Progressive Party. Notwithstanding, Figueroa does not cite to portions of the record which may lend support to these stated facts. Moreover, the caselaw is clear that merely juxtaposing his party affiliation with that of defendants and alleging unfair treatment is insufficient for Figueroa to establish a *prima facie* case of political discrimination. *Correa–Martinez,* 903 F.2d at 58. Figueroa's failure to present any evidence of improper motive or discriminatory animus, aside from his own subjective belief that his political affiliation was the motivation underlying his demotion, is fatal to his claim.

In addition, the admitted facts reveal that Figueroa was assigned to a trust position terminable at the will of the employer. Defendants further argue that political affiliation was a proper job requirement for this position because it involved policymaking functions (*See* Docket No. 28, *Statement of Uncontested Facts,* at ¶ 2; Exhibit 2). Plaintiffs have failed to contest this fact by presenting evidence for the court to evaluate whether Figueroa's duties were in fact such that political affiliation was an appropriate job requirement for the position. Accordingly, based on the admitted facts, the Court must dismiss Figueroa's First Amendment claims.

## B. Due Process

Figueroa's due process claims are independent from his first amendment claims, since the inquiries governing each are distinct. *Acosta–Orozco,* 132 F.3d at 104; *Arizmendi–Corales v. Rivera,* 176 F.Supp.2d 114, 120 (D.P.R.2001)(*citing Santiago–Negron v. Castro–Davila,* 865 F.2d 431, 436 (1st Cir.1989)) ("there is a distinct difference between a municipal employee's right to a due process hearing on termination and the employee's first amendment right to be free from political speech and association").

The Due Process Clause guarantees public employees the right to a pretermination hearing. *See, e.g., Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). As a prerequisite to a due process claim, however, plaintiffs must have a constitutionally cognizable property or liberty interest. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Correa–Martinez,* at 53 (*citing Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). The question of whether a person has a constitutionally protected property interest

is answered by an independent, extra-constitutional source such as state law. *See, e.g., Correa–Martinez*, 903 F.2d at 53 (*citing Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Under Puerto Rico law, a career position is a constitutionally protected property interest. *Kauffman v. Puerto Rico Tel. Co.*, 841 F.2d 1169, 1173 (1st Cir.1988). Permanent and career employees, however, employees appointed to trust positions or employees who were illegally hired for career positions are "neither invested nor entitled to the due process protections which inure to their legally hired counterparts" *Correa–Martinez*, 903 F.2d at 54 (*citing Rosario–Torres v. Hernandez–Colon*, 889 F.2d 314, at 319 (1st Cir. 1989)).

 Because the admitted facts reveal that Figueroa's position as CRIM regional director was a trust position, he has no property interest in his continued employment. Accordingly, Figueroa's due process claims must also fail.

### CONCLUSION

For the reasons set forth above, defendants' Motion for Summary Judgement is (Docket No. 28) GRANTED.

IT IS SO ORDERED.